## O'Neill v. Jaffurs

*Marion & Mozenter,* for plaintiff.
*Edward Weintraub,* for defendants.

HIRSH, J., July 20, 1973.—On September 24, 1971, the Pennsylvania Attorney General commenced a civil action in this court in an effort to close certain bars

operating in the area of Locust Street, Philadelphia, Pa. The Hon. D. Donald Jamieson, President Judge of this court, issued a number of rules to show cause why these bars should not be closed, and these rules were then served on the bars by agents of the Commonwealth. However, prior and subsequent to these "raids," defendants made certain statements to the press. Specifically, plaintiff alleges that defendants defamed him when defendant Jewell said that "Mr. Creamer feels the fewer that know the better" and when defendant Jaffurs said that "The police sure gave them a pipeline. They knew all about it. There hasn't been a policeman here since we arrived. They sure know when to disappear, don't they?" On June 1, 1972, defendants filed preliminary objections in which they request this court to dismiss the complaint because this court lacks jurisdiction over the matter, and because plaintiff has failed to state a cause of action. Plaintiff subsequently answered defendants' motion and now this court must rule on defendants' objections.

Defendants' first objection raises the issue of whether this court has jurisdiction over this subject matter. Admittedly, the Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, 17 PS §211.401, vests original and exclusive jurisdiction in the Commonwealth Court of all civil actions against any officer of the Commonwealth acting within his official capacity. However, the Commonwealth Court only has exclusive jurisdiction if defendants were acting within their official duties when they made the allegedly libelous statements. This court agrees with plaintiff that the alleged tortuous conduct of the individual defendants was not done within the scope of their official duties nor in the furtherance of such duties. These statements made to the press are totally independent of any duties of the Pennsylvania Attorney General or of the State Liquor Control Board. Admittedly, under other

circumstances, these officials may find it necessary to make statements to the public in the furtherance of their official duties but these two statements made in conjunction with a raid on Philadelphia bars do not seem to fall within the purview of official duties. Accordingly, this court overrules defendants' preliminary objections for lack of jurisdiction.

Defendants' second objection is in the nature of a demurrer. First, defendants allege that plaintiff's complaint has failed to state a cause of action. Specifically, defendants claim that plaintiff has not alleged a cause of action because the statements are not defamatory in character, were not made with actual malice, and were not directed at plaintiff or to a small group of which plaintiff is a member. Procedurally, it is not the function of this court to determine whether the communication was, in fact, defamatory but only whether the communication is capable of a defamatory meaning. The mere susceptibility of the publication to an interpretation which would render it innocuous does not conclusively defeat a right of action for libel: Corabi v. Curtis Publishing Co., 441 Pa. 432, 273 A. 2d 899 (1971) and Raible v. Newsweek, Inc. (W.D. Pa.), 341 F. Supp. 804 (1972). Therefore, the issue before this court is whether defendants' statements are capable of a meaning defamatory to plaintiff and whether plaintiff has alleged such a meaning. After close examination of plaintiff's complaint and after close scrutiny of defendants' statements in the context in which they were made, this court must conclude that these communications are capable of a defamatory meaning and that plaintiff has alleged such a meaning. Surely these statements are capable under the circumstances and in this context to cast opprobrium upon plaintiff. It is now for the trier of fact, not this court, to decide whether the statements did, in fact, engender such an impression in the minds of the average persons among

whom the statements circulated. Accordingly, this court also overrules this preliminary objection in the nature of a demurrer.

Defendants also raise the defense of absolute privilege by preliminary objection in the nature of a demurrer. This defense, while unlimited, only exempts a high public official from all civil suits for defamation when the defamatory communication is made within the course of the official's duties and within the scope of this authority: Biggans v. Foglietta, 403 Pa. 510, 170 A. 2d 345 (1961). In this case, the statements were not made within the scope of the duties of defendants. As previously discussed, when considering the jurisdictional issue, these communications to the press are totally independent of any duties of the Pennsylvania Attorney General or of the State Liquor Control Board. Therefore, because the alleged tortuous conduct of the individual defendants was not done within the scope of their official duties nor in the furtherance of such duties, this court overrules defendants' objections.

Defendants' remaining objections are that they had a qualified privilege to make a fair comment on plaintiff's performance of his official duties, and that there was justification for such statements. However, both of these objections are affirmative defenses and under Pennsylvania Rule of Civil Procedure 1045(b) such defenses are only properly pleaded in new matter, not preliminary objections: Thompson v. Farley, 35 D. & C. 2d 157 (1964). Consequently, it is not necessary for this court to consider the merits of these objections and this court overrules them for procedural reasons.

Accordingly, it is, therefore, ordered that the preliminary objections of defendants to the complaint are overruled, with leave to defendants to file an answer within 25 days from the date of this order.